IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINA STEWART<br>2941 N. Franklin Street<br>Philadelphia, PA 19133 | CIVIL ACTION |
| Plaintiff, | No. _____ |
| v. | |
| MASTERY CHARTER<br>SCHOOL-CLYMER<br>1201 West Rush Street<br>Philadelphia, PA 19133 | **JURY TRIAL DEMANDED** |
| Defendant. | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Christina Stewart (hereinafter referred to as "Plaintiff," unless indicated otherwise) against Mastery Charter Elementary School (hereinafter referred to as "Defendant" unless indicated otherwise) for violations of the Americans with Disabilities Act ("ADA" - 42 U.S.C. §§ 12101 *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA" – 43 P.S. §§ 951 *et. seq.*). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's

state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## **PARTIES**

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. At all relevant times herein, Plaintiff was employed with Defendant.

8. Defendant is a Pennsylvania entity that operates a charter elementary school in Philadelphia.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

10. Defendant is an employer for purposes of the ADA and PHRA has and continues to employ over 15 employees per calendar year for at least the last 5 years, and Defendant engages in a variety of business relationships generating revenue in the education business.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff suffers from bipolar disorder and other cognitive disabilities.

13. Plaintiff was hired by Defendant in or about August 2011 as Special Education Paraprofessional.

14. In or about May 2012, Plaintiff took a medical leave of absence due to her disabilities (of which Defendant's management was made aware).

15. Plaintiff was cleared to return to work on or about September 4, 2012 by her physician(s).

16. Upon Plaintiff's return to work, Defendant's management did not allow Plaintiff to return to her original position, but instead presented her with a new proposed employment agreement.

17. On or about the day of October 2, 2012, Plaintiff began to have a flare-up and looked for her two immediate supervisors, but was unable locate them.

18. Plaintiff informed the assistant principal of operations, one Ben Kohler, that she was not feeling well and that she needed to leave.

19. Plaintiff's episode caused her to be unable to continue to work, and she left work early and was hospitalized later that day.

20. Plaintiff received a telephone call from the principal, one Merdith Cronk, who accused Plaintiff of abandoning her job, despite that Plaintiff explained that she was unable to stay at work.

21. Plaintiff called Defendant's human resources and told them that she would be seeking medical care and admitting herself to the hospital.

22. Plaintiff was suspended from work while a decision was made concerning her leaving work early on or about October 2, 2012.

23. On or about October 9, 2012, Defendant's management held a meeting with Plaintiff to discuss why she had "quit early."

24. Plaintiff explained that her conditions can become so severe that she needs urgent medical care during a flare up, which caused her to leave urgently.

25. Despite Plaintiff's explanations, she was presented with both written discipline for leaving work early and a "crisis plan" that outlined what Plaintiff should do if she encountered another episode at work.

26. A member of Defendant's human resources department displayed hostility towards Plaintiff's conditions during the meeting by asking her specific questions about her treatment and why she did not have a crisis plan of her own in an accusatory nature.

27. Soon after the aforementioned meeting, Plaintiff requested that she be transferred to a different position, specifically, one that did not require her to work with a particular special needs child who suffered from frequent seizures (a reasonable accommodation) but was told that none were available.

4

28. Soon after Plaintiff returned to work following the aforementioned October 9, 2012 meeting, Plaintiff began to experience hostility from Defendant's management including but not limited to pretextual discipline.

29. The classroom teacher that Plaintiff worked with asked her why she didn't just quit and find an easier job.

30. On or about October 16, 2012, Defendant's management approached Plaintiff about her concerns involving the aforementioned child.

31. Plaintiff explained to Defendant's management that she was concerned about working with this particular child because of the risk that could be created during one her episodic flare-ups because this child was so vulnerable (another request for accommodation).

32. Defendant's principal, Cronk, denied Plaintiff's accommodation request, stating to Plaintiff that "you contracted to do this job" and that if Plaintiff "if you can't do this job, I'd rather you not work with children at all."

33. On or about October 31, 2012, Plaintiff had completed her classroom assignments for the day and all children boarded busses approximately 15 minutes before the end of Plaintiff's scheduled shift.

34. The classroom teacher who Plaintiff worked with had told her to "have a nice day" before Plaintiff left work on October 31, 2012.

35. Plaintiff rode the bus home with one of the students form her classroom because he was behaving particularly aggressively on that day.

36. Plaintiff was confronted on or about November 1, 2012, about leaving work approximately 11 minutes early the prior day.

37. Plaintiff was terminated approximately one day after she had left work.

5

38. Plaintiff was told that she was terminated for unsatisfactory work performance.

39. The first incident of written discipline that Defendant provided to Plaintiff under the agreement was directly related to her disabilities and her needs for time off. Although Defendant's management provided Plaintiff with a "crisis plan" for the future, she was still given written discipline.

40. Defendant's management produced the last incident of written discipline to Plaintiff in response to her leaving work 11 minutes early on a day when all her work was already completed, and she was terminated the next day.

41. Plaintiff believes and therefore avers that Defendant's proffered reason for termination was entirely pretextual and Plaintiff was actually terminated because of disabilities and/or in retaliation for her requests for accommodations.

## COUNT I
### Violations of the Americans with Disabilities Act ("ADA", as amended)
### ([1] Discrimination; [2] Failure to Accommodate; [3] Retaliation)

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. Plaintiff properly exhausted her administrative remedies before proceeding in this Court for violations of the ADA by timely filing a Charge with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant Complaint within 90 days of receiving a notice of case closure and/or right-to-sue letter.

44. Plaintiff's termination was less than one month after she suffered a significant episode at work and was required to leave for the day (while Defendant's management was aware of Plaintiff's known disabilities).

45. Plaintiff was terminated from Defendant because of: (1) her known health conditions; (2) her perceived health conditions; and/or (3) due to her record of impairment.

46. Defendant terminated Plaintiff only approximately two to three weeks after Plaintiff requested medical accommodations from Defendant.

47. Plaintiff was also terminated in retaliation for requesting medical accommodations from Defendant.

48. Plaintiff made clear requests for medical accommodations (infrequent time off from work and a less stressful and disability-triggering assignment) but was refused any interactive process from Defendant (or reasonable consideration of her requests).

49. These actions as aforesaid constitute unlawful discrimination, retaliation, and failure to accommodate under the ADA.

## COUNT II
### Violations of the Pennsylvania Human Relations Act ("PHRA")
### (Disability Discrimination/Retaliation)

50. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51. Plaintiff re-asserts and re-alleges each and every assertion as set forth in Count I of this Complaint, as such actions constitute identical violations of the Pennsylvania Human Relations Act.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for

Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: February 4, 2014

Case 2:14-cv-00754-GP   Document 1   Filed 02/04/14   Page 9 of 11

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

CHRISTINA STEWART : CIVIL ACTION

v. :

MASTERY CHARTER : NO.
SCHOOL-CLYMER

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 2/4/2014 | Ari R. Karpf | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2941 N. Franklin Street, Philadelphia, PA 19133

Address of Defendant: 1201 West Rush Street, Philadelphia, PA 19133

Place of Accident, Incident or Transaction: Defendant's place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 2/4/2014   _____   ARK2484
                 Attorney-at-Law    Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/4/2014   _____   ARK2484
                 Attorney-at-Law    Attorney I.D.# 91538

CIV. 609 (5/2012)

≋JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
STEWART, CHRISTINA

(b) County of Residence of First Listed Plaintiff: **Philadelphia**

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS
MASTERY CHARTER SCHOOL-CLYMER

County of Residence of First Listed Defendant: **Philadelphia**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Americans w/Disabilities Act "ADA" 42USC12101

Brief description of cause:
Violations of the ADA and the PA Human Relations Act "PHRA"

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____ DOCKET NUMBER _____

Explanation:

DATE: 2/4/2014

SIGNATURE OF ATTORNEY OF RECORD: [signature]

[Print] [Save As...] [Export as PDF] [Retrieve PDF File] [Reset]